**UNITED STATES DISTRICT COURT**       **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| FREDDIE MONROE PICKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:24-CV-137 |
| | § | |
| JOHN DOE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Freddie Monroe Pickett, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Christine L Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(g).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff requests the denial of the magistrate judge's recommendation as the court considers his amended complaint. Plaintiff filed two separate motions to amend his complaint. The court has considered both of plaintiff's proposed amended complaints. In his first proposed amended complaint (#6), plaintiff sought to add a claim which occurred during October, 2023 at the Stiles Unit in which he alleges he was assaulted by officers when he was having a seizure.

In his second proposed amended complaint (#7), plaintiff sought to add an incident which occurred after the complaint was filed.  Neither proposed amendment falls under the statutory exception under § 1915(g) for barred litigants.

The allegations which form the basis of plaintiff's complaint in this action occurred at the Gist Unit on February 7, 2023.  Plaintiff first attempts to add an alleged assault which occurred at the Stiles Unit during October, 2023 and involved different defendants from the original claim.  Such allegations are insufficient to show the imminent danger needed to take advantage of the exception in § 1915(g) because the claim involves a past assault at a different unit than the original incident.  *See Floyd v. Lumpkin*, No. 22-40693, 2023 WL 173874 (5th Cir. Feb. 7, 2023) (affirming district court's determination that an allegation of a past assault was not sufficient to show imminent danger as of the time the complaint was filed where assailant was transferred to a different unit following the assault.)  Further, the prisoner must be in imminent danger when he files the action in district court, not at some point in the past.  *See Banos v. O'Guin*, 144 F3d 883, 884-85 (5th Cir. 1998).  The incidents related in the first proposed amended complaint occurred approximately six months before plaintiff filed the complaint.

Finally, plaintiff's attempt to add a claim of alleged poisoning occurring after the incidents which form the basis of this complaint was properly determined to be a supplemental complaint by the magistrate judge and severed from this action.  Plaintiff's allegation of alleged poisoning at the Stiles Unit against new defendants which allegedly occurred several weeks after plaintiff filed his complaint are insufficient to show plaintiff was in imminent danger at the time he filed his complaint concerning incidents at the Gist Unit.  Therefore, plaintiff's objections are without merit and should be overruled.

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 28th day of May, 2024.

_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE